*645 The opinion of the conrt was delivered by
Watkins, J.
The State is appellant from a judgment of the District Court, sustaining a motion in arrest of judgment, and quashing an indictment for want of sufficient averment.
The indictment is couched in the following language, to-wit:
“ That one William Green, * * with force and arms * * one-Joseph Prosper, feloniously, wilfully and of his malice aforesaid,. did kill and murder,” etc.
The authority cited by counsel and relied on by the judge below is a provision contained in Section 1048 of the Revised Statutes- to-the effect that “it shall be sufficient in every indictment for murder to charge that the defendant did feloniously, wilfully and of his malice aforethought kill and murder the deceased,” etc.
The provisions of this statute have undergone examination and been interpreted by this court and its predecessors in many cases. Some of those decisions it may be well for us to review.
One of the first that has come under our observation is that of State vs. Phelps, 24 An. 493, in which it was held that an indictment is sufficiently explicit to advise the accused of the charge against him if it charges “ then and there did feloniously kill, slay and murder,” without containing the words “with malice aforethought.” That opinion was, in the main, predicated upon a dictum of the court in State vs. Forney, 24 An. 191, to the effect that the word “murder” implies, of necessity, the idea of malice aforethought.
Those two opinions were, confessedly, opposed to State vs. Heas, 10 An. 195, in which the court said, after a careful examination of authority, that:
“The doctrine that the malice aforethought must be specially charged in the conclusion of an indictment for murder, we consider to have been well settled in the Common Law of England, and to have been adopted ■ into our criminal jurisprudence by the act of the Territorial Legislature of 1805.”
In State vs. Thomas, 29 An. 601, the authority of the Forney and Phelps' cases is doubted, though not expressly overruled. But in State vs. Green, 36 An. 100, this court returned to the doctrine of the Heas case, and said “ the words .‘of his malice aforethought’ are quite as essential as the word ‘feloniously.’” -In the same sense we held, in State vs. Williams, 37 An. 776, that the omission of the *646 word “ wilfully” was fatal to an indictment. In a still more recent case we said:
“ We„therefore conclude that the indictment is defective in not charging that the shooting was done both wilfully and' with malice aforethought.” State vs. Scott, 35 An. 387.
But not one of the cases examined or cited goes to the extent of holding that the mere omission from an indictment of the single word “ aforethought ” would render it invalid.
In opinions of courts and other law writings language is frequently met with from which it might be inferred that the word “malice” alone signifies the same thing as “malice aforethought.” Bishop Cr. L. 1, 429, Bl. Com. 198; Greenleaf Ev. See. 144, and eases in note in Bishop.
It might perhaps be so considered in this State where, by formal statutory provision, it is declared that “whoever shall commit the crime of wilful murder, on conviction thereof shall suffer death,” and that “ there shall be no crime known under the name of murder in the second degree,” R. S. V84-5; but when it appears that the law also provides that the indictment should contain the words: “ Did feloniously, wilfully and of his malice aforethought kill and murder the deceased,” must it hot be admitted that the words “malice aforethought” are required as descriptive of the crime of murder and as having the sense that the fact has been attended with such circumstances as are the ordinary symptoms of a wicked, depraved and malignant spirit, a heart regardless of social duty and deliberately bent on mischief ? Russell on Or., Bk. 3d, See. 432.
While considering whether or not the word “ malice ” alone will suffice, Bishop says that the better use makes a distinction and assigns to it a meaning somewhat less intense in respect of wickedness than to the two words: “malice aforethought.” Bishop Or. L., Yol. 1, n. 429.
In the present instance, the pleader no doubt intended to comply with the requirement of the statute, but committed an error in the haste of the moment by writing the word “ aforesaid” instead of “ aforethought.” It is probable that the lapsus did no injury to the accused; but we think it is better to pursue strictly the letter of the statute, as the court, in favorem vitee, readily accepts plausible though nice distinctions on the subject. It does so particularly, as it has held that the statute having declared that “ it shall be sufficient *647 in every indictment for murder to charge that the defendant did feloniously, wilfully, and of his malice aforethought kill and murder the deceased,” a charge for less would not be accepted. Green’s Case, 36 An. 99. See also State vs. Williams, 37 An. 776, and State vs. Scott 38 An. 387.
Our conclusion is, therefore, that the motion in arrest was not improperly sustained.
While commending the counsel appointed by the court, to the accused, for the zeal, learning and ability displayed by him in the vindication of the rights" of his client, we can not avoid deprecating the censurable looseness which some public officials, entrusted with the protection of social order, are guilty of at times in the performance of their important functions, and stimulating them to a more faithful compliance with their solemn duties.
It is therefore ordered and decreed that the judgment appealed from be affirmed and that this case be remanded to the lower court; the defendant to remain in custody until the further action of the court in the premises.